IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LIONEL HOLLOWAY,

    *Petitioner*,

    v.

UNITED STATES OF AMERICA,

    *Respondent.*

Criminal No. ELH-09-0363
Related Civil No.: ELH-19-2243

## MEMORANDUM

This Memorandum resolves a third petition filed by Lionel Holloway under 28 U.S.C. § 2255. ECF 70 (the "Petition"). The government has moved to dismiss the Petition as an unauthorized, successive Petition. ECF 76 (the "Motion"). Holloway has replied. He asserts: "Since the actual innocence claim could not have been raised prior to the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the pending motion is not 'second or successive.'" *Id.* at 1.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall grant the Motion.

## I.      Procedural Summary

On October 2, 2009, Holloway pleaded guilty to a single-count indictment pending against him, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF 18. The plea was entered pursuant to a plea agreement. ECF 19. Judge William D. Quarles, Jr., to whom the case was then assigned, presided.[1]

---

[1] On September 25, 2015, after Judge Quarles retired, the case was reassigned to Judge J. Frederick Motz. *See* Docket. Due to the retirement of Judge Motz, the case was reassigned to me on August 2, 2019. *See* Docket.

Sentencing was held on September 13, 2010, before Judge Quarles. ECF 31. Holloway was found to be an Armed Career Criminal and was sentenced to the mandatory minimum term of imprisonment of 180 months. ECF 35. Holloway then filed an appeal to the Untied States Court of Appeals for the Fourth Circuit. ECF 37. That court affirmed his conviction on May 25, 2011. ECF 47.

On September 25, 2015, Holloway filed his first post-conviction motion, pursuant to 28 U.S.C. § 2255. ECF 49. Judge Motz denied that motion on February 9, 2016. ECF 55.

Holloway filed a second § 2255 Motion on June 22, 2016. ECF 59. And, on October 12, 2016, Holloway filed a Motion for Authorization to File Successive Application for Post-Conviction Relief with the United States Court of Appeals for the Fourth Circuit. *In re: Lionel Holloway*, No. 16-3095, Doc. 2. On November 2, 2016, the Fourth Circuit denied Holloway's request. *Id.*, Doc. 8. On January 12, 2017, Judge Motz denied Holloway's second § 2255 motion. ECF 65.

On August 2, 2019, Holloway filed a third, successive § 2255 Motion. He seeks relief under the United State Supreme Court's recent ruling in *Rehaif*, 139 S. Ct. 2191. ECF 59.

## II.    Discussion

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, the AEDPA requires that a successive § 2255 motion "must be certified…by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence

or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h). Thus, even if there were merit to Petitioner's claim, Congress has expressly stated that a successive § 2255 petition cannot be heard without certification from the appropriate appellate court.

Petitioner has filed two prior § 2255 petitions. And, Holloway has not obtained pre-filing authorization from the Fourth Circuit for his third Petition, despite the fact that he clearly has knowledge that one is required, given the history of the case. Without such pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application…" *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also* 28 U.S.C. § 2255. In other words, the statute does not dispense with the pre-filing authorization requirement, even if a new right has been recognized by the Supreme Court.

Accordingly, § 2255(h) requires this Court to dismiss Petitioner's § 2255 Petition, for lack of jurisdiction.

### III.    Conclusion

For the foregoing reasons, I shall grant the government's motion to dismiss. ECF 70. The Petition is dismissed, without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that

3

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Holloway has failed to satisfy this standard. Therefore, a certificate of appealability shall not issue.

An Order follows.


Date:   November 27, 2019                                    _____/s/_____
                                                             Ellen L.  Hollander
                                                             United States District Judge